**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

January 25, 2022

LETTER TO COUNSEL:

RE:  *Kendra B. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
     Civil No. TJS-21-93

Dear Counsel:

On January 12, 2021, Plaintiff Kendra B. petitioned this Court to review the Social Security Administration's final decision to deny her claim for supplemental security income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 13 & 16. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand this case for further proceedings. This letter explains my rationale.

Kendra B. filed her application for SSI on March 29, 2018. Tr. 10. She alleged a disability onset date of January 1, 2009. *Id.* Her application was denied initially and upon reconsideration. *Id.* Kendra B. requested an administrative hearing, and a telephonic hearing was held on June 9, 2020, before an Administrative Law Judge ("ALJ"). Tr. 31-45. In a written decision dated June 22, 2020, the ALJ found that Kendra B. was not disabled under the Social Security Act. Tr. 7-25. The Appeals Council denied Kendra B.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

The ALJ evaluated Kendra B.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R.§ 416.920. At step one, the ALJ found that Kendra B. had not engaged in substantial gainful activity since March 29, 2018, the application date. Tr. 12. At step two, the ALJ found that Kendra B. suffered from the following severe impairments: borderline intellectual functioning, bipolar disorder, and anxiety disorder. *Id.* At step three, the ALJ found Kendra B.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 13-15. The ALJ determined that Kendra B. retained the residual functional capacity ("RFC") to:

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On December 31, 2021, it was reassigned to me.

perform a full range of work at all exertional levels but with the following nonexertional limitations: She can perform jobs consisting of unskilled, routine, and repetitive tasks, involving only simple, work-related decisions, with only occasional changes in the routine work setting, with only occasional interaction with supervisors, coworkers, and the public. Time off task during the workday can be accommodated by normal breaks, i.e. she is able to sustain concentration and attention for at least 2 hours at a time.

Tr. 15.

At step four, the ALJ determined that Kendra B. had no past relevant work. Tr. 20. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Kendra B. can perform, including cleaner, laundry worker, and packer. Tr. 20-21. Accordingly, the ALJ found that Kendra B. was not disabled under the Social Security Act. Tr. 21.

Kendra B. raises three arguments in this appeal. First, she argues that the ALJ did not comply with *Mascio*, 780 F.3d at 638. Second, she argues that the ALJ failed to evaluate the opinion of Daniel Arnheim, Ph.D., a consultative examiner. Third, Kendra B. maintains that the ALJ erred in requiring objective medical evidence to evaluate the limiting effects of her mental impairments.

After a careful review of the ALJ's opinion and the evidence in the record, I find that the ALJ did not adequately explain why Kendra B.'s moderate limitation in concentrating, persisting, or maintaining pace could be accommodated by the limitations contained in the RFC, or why no limitations were necessary. Accordingly, I conclude that the ALJ's decision does not comply with *Mascio* and will remand this case on that basis for further explanation.

"[A]n ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine tasks or unskilled work.'" *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* When an ALJ finds that a claimant has limitations in concentration, persistence, or pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.* The Fourth Circuit, however, "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). Rather, when "medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Id.* (quoting *Winschel*, 631 F.3d at 1180).

As part of the step three analysis, the ALJ found that Kendra B. has a moderate limitation in her ability to concentrate, persist, or maintain pace. Tr. 14. In making this finding, the ALJ noted Kendra B.'s testimony that "she was unable to keep her previous jobs because she had difficulty

completing her tasks." *Id.* She "also reported that she has a short attention span and does not finish what she starts. However, most mental status exam notes show that she had no attentional difficulties." *Id.* (citation omitted). The ALJ also discussed Kendra B.'s ability to concentrate, persist, or maintain pace later in his decision. Tr. 18. The ALJ explained that, because of Kendra B.'s testimony that she had trouble completing tasks, he found that she had a moderate limitation in concentration, persistence, or pace. *Id.*

Despite the ALJ's finding that Kendra B. had a moderate limitation in concentrating, persisting, or maintaining pace, the ALJ failed to incorporate any limitations into her RFC to account for these limitations, or explain why they do not "translate into [such] a limitation." *Mascio*, 780 F.3d at 638. The ALJ's RFC formulation limits Kendra B. to work consisting of "unskilled, routine, and repetitive tasks, involving only simple, work-related decisions," with occasional changes in the routine work setting, occasional interaction with others, and with time off task accommodated by normal workday breaks. Tr. 15. The ALJ did not explain how these limitations account for Kendra B.'s moderate limitation in concentrating, persisting, or maintaining pace.

Absent an explanation by the ALJ, the Court is left to speculate on how the RFC accounted for Kendra B.'s difficulties in these areas. To the extent that the RFC limitations are meant to address Kendra B.'s difficulties in concentration, persistence, or pace, the absence of any explanation makes it impossible for this Court to conduct the necessary review. Alternatively, if the ALJ did not believe any limitations were necessary to account for Kendra B.'s difficulties in concentrating, persisting, or maintaining pace, the decision does not say so. It may be that the ALJ believed the evidence demonstrated that no limitation in the RFC was necessary to account for Kendra B.'s moderate limitations, but the ALJ did not say so and explain why this was the case. Without the necessary explanation by the ALJ, the Court is unable to determine whether the ALJ's decision is supported by substantial evidence. *Mascio* requires more than what the ALJ's decision provides. *See Mascio*, 780 F.3d at 638 ("[B]ecause the ALJ here gave no explanation, a remand is in order.").

The Acting Commissioner's reliance on *Shinaberry* to support her argument that the ALJ's decision complies with *Mascio* is unavailing because *Shinaberry* is distinguishable from this case. In *Shinaberry*, the ALJ actually explained why the claimant's moderate limitations in concentration, persistence, and pace did not translate into a limitation in the RFC. *Shinaberry*, 952 F.3d at 121 ("Here, the ALJ discussed in detail the psychological evaluations . . . , as well as Shinaberry's adult function report, and sufficiently explained why the mental limitation to simple, routine, and repetitive tasks accounted for [the claimant's] moderate limitations in her concentration, persistence or pace[.]"). By contrast, the ALJ's decision in this case does not explain why Kendra B.'s moderate difficulties in concentration, persistence, or pace do not translate into a limitation in the RFC. And to the extent that the RFC limitation of maintaining attention and concentration for at least two hours at a time is meant to account for Kendra B.'s difficulties, it is unclear how the ALJ reached this conclusion. *See Travis X. C. v. Saul*, No. GJH-18-1210, 2019 WL 4597897, at *4 (D. Md. Sept. 20, 2019) (Hazel, J.). The Court is unable to locate any evidence cited by the ALJ to indicate that Kendra B. can maintain her attention and concentration for at least two hours at a time in a work setting. Similarly, the Court is unable to locate any evidence cited by the ALJ to support the implicit conclusion that Kendra B. could maintain the requisite

performance for an entire workday and workweek.

The Court's function is not to scour the evidentiary record to find evidence that supports the ALJ's conclusions. Instead, the Court's role is to review the ALJ's decision to determine whether it is supported by substantial evidence with application of the proper legal standards. Without a clear and specific explanation as to how the RFC assessment accounts for Kendra B.'s difficulties in concentration, persistence, or pace (or why no such limitations are necessary), the Court is unable to review properly the ALJ's decision. *See Brian H. v. Saul*, Civil No. TJS-20-1167, 2021 WL 3124199, at *4 (D. Md. July 23, 2021). I decline to address Kendra B.'s remaining arguments and express no opinion on the ultimate merits of her disability claim.

For the reasons set forth above, both parties' motions for summary judgment (ECF Nos. 13 & 16) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

_____/s/_____
Timothy J. Sullivan
United States Magistrate Judge

4